UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>          Plaintiff,<br><br>v.<br><br>IDOC; JAY CHRISTENSEN; TIMOTHY R. McKAY; DAVID E. DIETZ; JULIE DIETZ; TRAVIS TAYLOR; ENRICO BONGIOVI; LT. MADDOX; SGT. BARROWS; DANIEL W. BROWN; and 5 JOHN DOES,<br><br>          Defendants. | Case No. 1:22-cv-00435-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Michael T. Hayes's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity, to determine whether summary

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

2.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho Maximum Security Institution. The events giving rise to Plaintiff's claims occurred while he was incarcerated at the Idaho State Correctional Center ("ISCC").

It appears that, under normal circumstances, inmates at ISCC are permitted one hour per day of outdoor exercise or recreation. *Compl.*, Dkt. 1, at 5–6, 10–11. However, on June 25, 2020, the prison officials placed the prison on lockdown status in an effort to contain the COVID-19 pandemic. *Id*. at 9–10. As a result, ISCC inmates (including Plaintiff) were denied outdoor recreation for 39 days, until August 3, 2020. Plaintiff does not allege that he and the other inmates were deprived of opportunities to exercise indoors during this period of time.

On July 31, 2020, prison officials announced their plan to "open limited outdoor recreation." *Id*. at 10. In accordance with that plan, on August 3, 2020, inmates were permitted 35 minutes of outdoor recreation per day, a little more than half the time allowed in pre-pandemic conditions. *Id*. at 9.

This practice of allowing 35 minutes of outdoor recreation per day, as staffing permitted, continued until December 21, 2020, a period of 140 days. *Id*. at 13. On occasion during this period of time, the inmates would not be allowed their 35 minutes of outdoor recreation because of staff shortages caused by the

pandemic. *Id*. at 11. Plaintiff does not state how much outdoor recreation, or how much otherwise meaningful exercise, inmates were permitted between December 21, 2020, and January 6, 2021. *Compare id*. (stating that the 35 minutes per day practice lasted until December 21, 2020) with *id*. at 9 (stating that the 35 minutes per day practice lasted until January 6, 2021).

For ten days in January 2021 (January 7 to January 17), inmates on Plaintiff's housing tier had to be placed on quarantine status. As a result, during this ten-day period, inmates on that tier were not permitted any outdoor recreation. *Id*. at 9–10.

Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated by prison officials' (1) denial of outdoor recreation from June 25 to August 3, 2020; (2) limitation to 35 minutes of outdoor exercise, with sporadic denials of recreation due to staff shortages, beginning on August 3, 2020 and lasting until either December 21, 2020 or January 6, 2021; and (3) denial of outdoor recreation during a ten-day quarantine from January 7 to 17, 2021.[2]

---

[2] In a separate case, Plaintiff is also pursuing due process and state law claims challenging the denial of prison employment. *See Hayes v. IDOC*, No. 1:22-cv-00305-BLW. The instant action was severed from that earlier-filed case so that Plaintiff's Eighth Amendment claims are the sole claims addressed in this case. *See* Dkt. 2.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

3.  **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

A.  *Standards of Law*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Nonetheless, "when a genuine emergency exists, prison officials may be more restrictive than they otherwise may be, and certain services may be suspended temporarily." *Hoptowit*, 682 F.2d at 1259. "Less critical needs may be denied … for reasonable periods of time when [circumstances] warrant," and courts "must give reasonable leeway to prison officials" in considering whether such circumstances exist. *Id*.

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The protections of the Eighth Amendment are reserved for serious incidents caused by prison officials' "deliberate indifference to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 736–37 (2002) (internal quotation marks omitted). In determining whether the Eighth Amendment has been violated,

"[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." *See McKune v. Lile*, 536 U.S. 24, 41 (2002) (Fifth Amendment due process context).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or

safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Exercise is a basic need protected by the Eighth Amendment. *Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010). The denial of *outdoor* exercise specifically, however, is not per se unconstitutional, and "there is no bright line test to determine if and when inmates are entitled to outdoor exercise." *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 929, 933 (9th Cir. 2021).

The denial of outdoor recreation does not offend the Constitution so long as "otherwise meaningful recreation" is available to inmates. *Id*. at 929. However, because "some form of regular outdoor exercise is extremely important to the psychological and physical" well-being of the inmates, *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979), to deprive a prisoner of outdoor recreation during a period of *long-term* and *continuous* segregation can indeed violate the Eighth Amendment, *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996).

### B.     *The Complaint Fails to State a Plausible Eighth Amendment Claim*

During the early months of the COVID-19 pandemic, inmates at ISCC were denied outdoor recreation for a period of 39 days. Plaintiff does not allege that, during this period, he did not have the opportunity to engage in "otherwise meaningful recreation," *Norbert*, 10 F.4th at 929; for example, Plaintiff may have been able to exercise in his cell. A period of 39 days without outdoor recreation,

but *with* the opportunity other recreation, is not objectively sufficiently grave or serious to be considered cruel and unusual punishment—it simply is not the type of long-term and continuous denial of outdoor recreation prohibited by the Eighth Amendment. *See Keenan*, 83 F.3d at 1089.

Similarly, the limited outdoor recreation that inmates were permitted from August 3 to December 21, 2020 or January 6, 2021 (35 minutes per day), fails to rise to the level of an Eighth Amendment violation. This is much more akin to a de minimis harm than the physical torture with which the Eighth Amendment is primarily concerned. *See McKune*, 536 U.S. at 41. Finally, the occasional and sporadic denials of outdoor recreation during this period caused by pandemic-related staff shortages, as well as the ten-day period without outdoor recreation in January 2021 when Plaintiff's housing tier was quarantined, also do not constitute the impermissible long-term denial of outdoor recreation.

Moreover, even if the restrictions on outdoor recreation described in the Complaint *did* constitute objectively grave conditions sufficient to trigger Eighth Amendment protections, Plaintiff still has failed to plausibly allege that Defendants acted with subjective deliberate indifference. Plaintiff acknowledges that the denials and limitations on outdoor recreation were caused by prison officials' response to COVID-19—a dynamic and novel situation that officials attempted to control to the best of their ability. Plaintiff also recognizes that Defendants soon

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

developed and implemented a plan to reinstitute outdoor recreation, albeit for 35 minutes per day rather than 60. This shows that prison officials were trying to keep inmates safe during a period of great fear and uncertainty, while at the same time ensuring the inmates' continued access to recreation.

As previously explained, an emergency—such as a dangerous global pandemic unprecedented in living memory—permits prison officials temporarily to suspend some benefits that inmates ordinarily receive. *See Hoptowit*, 682 F.2d at 1259. There is simply nothing in the Complaint to suggest that prison officials' curtailment of outdoor recreation for a limited period of time was an unreasonable response to the dangers posed by the pandemic. *See Farmer*, 511 U.S. at 844. Therefore, Plaintiff's Eighth Amendment claims are implausible.

### 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive

screening under 28 U.S.C. § 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v.*

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

DATED: December 2, 2022

B. Lynn Winmill
U.S. District Court Judge

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).